Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CHARMING BEATS LLC,                    Case No.: 21-cv-6083

                Plaintiff,         **ECF CASE**

      v.                                  **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

RUBY BONES a/k/a RUBY GRANGER,

                Defendant.
---------------------------------------------------------------x

    Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant RUBY BONES a/k/a RUBY GRANGER for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

    1.    This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2. Defendant is a resident of the United Kingdom. Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recordings and compositions: (i) *Signaling Through The Flames*; (ii) *Starscapes*; and (iii) *Twelve Days Awake* (the "Copyrighted Tracks"); these are torts committed outside the state.

3. Defendant is a major YouTube content creator, and substantially all of the revenue generated from her videos is from the United States.

4. Defendant is represented by Sixteenth, which is a talent agency that represents digital influencers. Defendant's talent agency has a headquarters in London, England, but its website, which has an IP address of 68.183.156.105, is located on servers in Clifton, New Jersey.

5. A significant number of defendant's "brand partners" are based in New York including Facebook, and Warner Brothers. Defendant's other "brand partners", like Headspace, are based in California.

6. Defendant created three commercial videos that synchronized the Copyrighted Tracks (the "Infringing Videos") without a license or authority.

7. Defendant, without license or authority, distributed the Infringing Videos to United States based YouTube and Instagram. The Infringing Videos were publicly displayed on defendant's YouTube page from servers located Atlanta, Georgia and from Instagram's servers in North Carolina.

8. Defendant acknowledged at the time she posted the first Infringing Video that she did not have the rights to the Copyrighted Track – *Signaling Through The Flames*.

9. Defendant stated she was aware at all times that she was infringing the Copyrighted Track, but elected to post the Infringing Videos in violation of plaintiff's exclusive rights set forth in 17 U.S.C. § 106.

10. Plaintiff, directly and through counsel, put defendant on notice of her infringing conduct multiple times. Defendant elected to continue to infringe after each first notice. As of the date of this Complaint, the Infringing Videos are still active on YouTube's servers.

11. Two of the three Copyrighted Tracks represent a combined 26% of plaintiff's licensing revenue.

12. The forced association of the Copyrighted Tracks with the Infringing Videos has substantially impaired plaintiff's ability to license the Copyrighted Tracks due to the controversial subject matter of the Infringing Videos.

13. Defendant was put on notice multiple times that her infringing activity was having consequences in this state. Defendant elected to continue her infringing conduct after notice, knowing her actions would have consequences in this state.

14. The Copyrighted Tracks at issue here were reproduced, synchronized, distributed, and publicly displayed without a license or authority, to promote defendant's YouTube and Instagram pages.

15. Defendant solicits business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

16. Not only are defendant's brand partners located in New York City, her primary source of income, YouTube, Inc., maintains a headquarters in New York City.

17. Defendant generates substantially all of her revenue from interstate and international commerce.

18. Jurisdiction over defendant is conferred to this Court pursuant to CPLR §§ 302(3)(i) and (ii), and Fed. R. Civ. Proc. 4(m).

## VENUE

19. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(3).

## DUE PROCESS

20. There are no due process concerns in light of the fact that defendant committed an intentional tort that she knew had an effect in this Judicial District.

21. Upon information and belief, defendant frequently contracts with companies in this Judicial District such that she reasonably knows she may be haled into this forum.

## PARTIES

22. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

23. Upon information and belief, defendant RUBY BONES a/k/a RUBY GRANGER ("BONES") is an individual residing in the United Kingdom.

## FACTS

24. Plaintiff is the sole beneficial owner by assignment of an original musical composition and recording titled: (i) *Signaling Through The Flames* – U.S. Copyright Registration No. SR 713-289*;* (ii) *Starscapes* – U.S. Copyright Registration No. SR 713-289; and *Twelve Days Awake* – U.S. Copyright Registration No. SR 713-289. See **Exhibit 1.**

25. The two (and only) members of plaintiff are the sole authors of the Copyrighted Tracks.

26. Defendant is YouTube personality and content creator. Defendant Ruby Bones adopted the pseudonym Ruby Granger based on the Harry Potter character Hermione Granger.

27. Defendant, without license or authority, reproduced and synchronized the Copyrighted Tracks to the Infringing Videos as follows:

| Title of Infringing Video | Unlicensed Copyrighted Track |
|---|---|
| The B-B-Bullies (Short Film) | *Signaling Through The Flames* |
| Inspirational Woman – People who have inspired me | *Starscapes* |
| M-M-Martin's Bullies | *Twelve Days Awake* |

28. The use of mocked stuttering in the titles of two of the Infringing Videos is objectively controversial and damages the Copyrighted Tracks by the forced association.

29. Plaintiff also has a strict policy of not licensing its copyrighted recordings and compositions for any political or purported social justice campaign.

30. Had defendant sought a license for the Copyrighted Tracks, she would not have received one.

31. Without a license or authority, defendant accessed and reproduced the Copyrighted Tracks. Defendant then synchronized the unlicensed Copyrighted Tracks to the three Infringing Videos.

32. Defendant distributed the Infringing Videos to Instagram and YouTube where they were, and are, publicly displayed on defendant's Instagram and YouTube Page at:

    i. https://www.youtube.com/watch?v=CIfSqXknWW8,
    ii. https://www.youtube.com/watch?v=iRapg5Hjca4, and
    iii. https://www.youtube.com/watch?v=SySljkduGC0.

33. The Copyrighted Tracks play in their entirety in each of the Infringing Videos.

34. At no time did the defendant have the right to use the Copyrighted Track in any manner.

35.     Defendant stated beneath Infringing Video One "Music: Signaling through the flames (This is not my property and I do claim it as my own)".

36.     A true and accurate copy of the screen-shot from defendant's Infringing Video One is below:



37.     Until in or around April 2020, plaintiff conducted dozens searches of YouTube each year, the Infringing Videos did not appear in any of the searches.

38.     Plaintiff hired a third-party search firm to assist in its search for individuals and entities that exploit plaintiff's copyrighted recordings and compositions without a license.

39.     On or about May 18, 2021, plaintiff received notice from the third-party search firm of the existence of the Infringing Videos.

40.     Plaintiff notified defendant of the infringement, by email, on the same day it discovered the infringements. See **Exhibit 2**.

41.     Defendant's agent contacted plaintiff by email on May 20, 2021 stating:

> Thanks for your email! I'm Ruby's manager so best placed to handle this.
>
> For a copyright infringement, the owner would have to submit this report directly through Instagram or YouTube. Which piece of content are you referring to? It may fall under "fair use" which is less clearly defined for short-form content and includes educational and variations on original content.
>
> If you submit through YouTube, the monetisation of the video would be redirected to the owner of the music, whereas on Instagram it would result in the content being removed.

See **Exhibit 3**.

42. Defendant's agent failed to address the infringing conduct of defendant, and defendant did not remove the videos from YouTube or Instagram.

43. On or about August 9, 2021, plaintiff's counsel served a cease-and-desist on defendant's agent demanding defendant remove the Infringing Videos. See **Exhibit 4**.

44. At no time did the defendant produce a valid license, nor did she completely cease-and-desist.

45. Defendant elected to continue to infringe rather than comply with plaintiff's demand to cease-and-desist.

46. On August 11, 2021, defendant's agent responded to plaintiff's counsel, but defendant did not remove the infringing content from YouTube or Instagram. See **Exhibit 5**.

47. Despite numerous emails between plaintiff's counsel and defendant's agent as well as defendant's counsel, defendant did not remove the Infringing Videos.

48. As of the date of this Complaint, the Infringing Videos are still active on YouTube's servers.

49. Defendant's failure to comply with the numerous notices from plaintiff, and plaintiff's counsel evidences defendant's intent to infringe.

50. Defendant knew she was infringing plaintiff's exclusive rights when she copied and synchronized the Copyrighted Tracks to the Infringing Videos without a license. Defendant knew she was infringing plaintiff's exclusive rights when she uploaded the Infringing Videos to YouTube and Instagram.

51. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and her knowledge of the infringements and failure to comply with multiple notices satisfies the standard for enhanced damages set forth in Section 504(c) of the Act.

52. Defendant's acts demonstrate a callous disregard the defendant has to her legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

## COPYRIGHT INFRINGEMENT DAMAGES

**Actual Damage Calculation**

53. Plaintiff is entitled to its standard licensing fee for each of the Copyrighted Track of $5,000 per year (Internet only) for the three years prior to this Complaint for a total of $45,000.

54. Plaintiff's actual damages also include defendant's direct, and indirect, profit from its exploitation of the Copyrighted Tracks, in excess of plaintiff's actual damages, plus the reasonable attorneys' fees and costs incurred in this matter.

**Statutory Damage Calculation**

55. In the event plaintiff elects one enhanced statutory damage award, an award at the higher part of the range is demanded by the facts and circumstances in this matter.

56. Plaintiff's lost license revenue of $15,000 per Copyrighted Track should be multiplied by three for each of the three statutory damage awards.

57. Defendant's state of mind supports a much higher statutory damage award. There is a complete absence of any facts to support the position that defendant had a good faith belief to copy, distribute, and publicly display the Copyrighted Track. In fact, defendant admitted at the time of the first infringement she was aware.

58. Defendant's failure to cease the unlicensed public display of the Copyrighted Track after each demand directly informs the analysis concerning defendant's state of mind.

59. Defendant is a well-aware of her obligation to obtain a license prior to commercially exploiting third-party content. Defendant is a sophisticated Internet entrepreneur.

60. The forgoing supports the fact that defendant's state of mind was willful at all times relevant to this Complaint.

61. An additional substantial amount, subject to proof, should be included in the statutory damage award calculation as a deterrent effect necessary to discourage defendant from engaging in the acts described herein in the future.

62. Defendant clearly has no desire to cooperate in any manner with plaintiff's requests to participate in a resolution.

63. The forgoing demonstrates defendant's attitude and lack of willingness to participate in a resolution.

64. The enhanced statutory damage award, in light of the forgoing, should be at least $125,000 per statutory damage award, plus reasonable attorneys' fees and costs incurred in this matter.

## DEFENDANT'S DMCA VIOLATIONS

65. Defendant demonstrated when she posted the first Infringing Video that she was aware of the names of the Copyrighted Tracks used. Yet defendant failed to include any copyright management information in the three Infringing Videos, with the exception of the title in the first.

66. Defendant removed plaintiff's copyright management information ("CMI") including the name of each Copyright Track (except the first video), the author of each Copyrighted Track, the owner of any right in each of the Copyrighted Track, or information about the terms and conditions of use of each Copyrighted Track

67. Defendant did, however, include a laundry list or personal identification data as shown below:

[screenshot of YouTube video description containing anti-bullying message, links to book/study planner/website, FAQs about age (17), subjects studied (English Literature, Religious Studies and Chemistry), upload schedule (Saturdays and Wednesdays), and contact information including email rubygrangercontact@gmail.com, Instagram @_rubygranger, Ask.fm @rubygranger, Facebook, Tumblr, Goodreads links, and current favourites]

68. Defendant's YouTube videos, including the Infringing Videos, generate significant revenue for the defendant. Defendant paid careful attention to include a significant amount of personal and contact information, yet ignored the CMI for the Copyrighted Tracks.

69. Defendant's removal and/or failure to include any copyright management information after notice are violations of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

70. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

71. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Tracks.

72. Defendant, without a license or authority, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Tracks.

73. Defendant created and displayed the Infringing Videos for the sole purpose of commercial gain.

74. Defendant refused to cease-and-desist after multiple demands from plaintiff directly, and through plaintiff's counsel.

75. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

76. Defendant's use was not transformative.

77. Defendant elected to reproduce, synchronize, publicly display and distribute plaintiff's Copyrighted Tracks, in their entirety, in each of the Infringing Videos, without a license.

78. As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct, and indirect, profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus the costs, interest, and reasonable attorneys' fees incurred in this matter. Plaintiff may also elect to recover one statutory damage award per U.S. Copyright Registration pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

79. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

80. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Tracks here, with copyright management information including the title, author, label, and copyright owner.

81. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

82. Defendant's Infringing Videos are synchronized to a very high-resolution copy of each of the Copyrighted Tracks. This high-resolution version cannot be obtained without copyright management information being included.

83. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

84. Defendant continued to publicly display the Infringing Videos with no CMI after multiple notices from plaintiff and plaintiff's counsel.

85. Defendant violated the DMCA each time she wrongfully distributed or publicly displayed each Infringing Video.

86. Defendant did the forgoing with the intent to conceal the infringements.

87. Plaintiff seeks an award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000, plus the reasonable attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages to plaintiff in an amount to be ascertained at trial;

3. three statutory damage awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 2, 2021       **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)