Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| CHARMING BEATS LLC, | Case No.: 21-cv-6083 |
| Plaintiff, | **ECF CASE** |
| v. | **AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| RUBY PHILOMENA BONES a/k/a RUBY GRANGER, and WILLOWTREE MEDIA LTD., | |
| Defendants. | |

---------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendants RUBY PHILOMENA BONES a/k/a RUBY GRANGER and WILLOWTREE MEDIA LTD. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2. Defendants are residents of the United Kingdom. Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recordings and compositions: (i) *Signaling Through The Flames*; (ii) *Starscapes*; and/or (iii) *Twelve Days Awake* (the "Copyrighted Tracks"); these are torts committed outside the state.

3. Defendant BONES is a major YouTube content creator, and substantially all of the revenue generated from the video content she creates is from the United States.

4. Defendant BONES is represented by Sixteenth, which is a talent agency that represents digital influencers. Defendant's talent agency has a headquarters in London, England, but its website, which has an IP address of 68.183.156.105, is located on servers in Clifton, New Jersey.

5. A significant number of defendant BONES' "brand partners" are based in New York including Facebook, and Warner Brothers. Defendant's other "brand partners", like Headspace, are based in California.

6. Defendant WILLOWTREE is owned by defendant BONES and was the co-creator on one infringing video.

7. Defendant WILLOWTREE caused the infringing video to be uploaded to U.S. based YouTube, Inc. video platform.

8. Defendant BONES created three commercial videos that synchronized the Copyrighted Tracks (the "Infringing Videos") without a license or authority.

9. Defendants, without license or authority, distributed the Infringing Videos to United States based YouTube, Inc. and Instagram. The Infringing Videos were publicly

displayed on defendant BONES's YouTube page from servers located Atlanta, Georgia and on Instagram's servers in North Carolina.

10. Defendants BONES and WILLOWTREE acknowledged at the time the first Infringing Video was posted to YouTube that they did not have the rights to the unlicensed synchronized Copyrighted Track – *Signaling Through The Flames*.

11. Defendants stated they was aware at all times that each was infringing the Copyrighted Track, but elected to post the Infringing Video in violation of plaintiff's exclusive rights set forth in 17 U.S.C. § 106.

12. Plaintiff, directly and through counsel, put defendants on notice of their infringing conduct multiple times. Defendant elected to continue to infringe after each first notice. As of the date of this Complaint, the Infringing Videos are still active on YouTube's servers.

13. Two of the three Copyrighted Tracks represent a combined 26% of plaintiff's licensing revenue.

14. The forced association of the Copyrighted Tracks with the Infringing Videos has substantially impaired plaintiff's ability to license the Copyrighted Tracks due to the controversial subject matter of the Infringing Videos.

15. Defendants were put on notice multiple times that their infringing activity was having consequences in this state. Defendants elected to continue their infringing conduct after notice, knowing their actions would have consequences in this state.

16. The Copyrighted Tracks at issue here were reproduced, synchronized, distributed, and publicly displayed without a license or authority, to promote defendants' YouTube and Instagram pages.

17.     Defendants solicit business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state.

18.     Not only are defendant BONES' brand partners located in New York City, her primary source of income, YouTube, Inc., maintains a headquarters in New York City.

19.     Defendants generate substantially all of her revenue from interstate and international commerce.

20.     Jurisdiction over defendant is conferred to this Court pursuant to CPLR §§ 302(3)(i) and (ii), and Fed. R. Civ. Proc. 4(m).

## VENUE

21.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(3).

## DUE PROCESS

22.     There are no due process concerns in light of the fact that defendants committed an intentional tort that they knew would have an effect in this Judicial District.

23.     Upon information and belief, defendants frequently contract with companies in this Judicial District such that each reasonably knew they may be haled into this forum.

## PARTIES

24.     Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

25.     Upon information and belief, defendant WILLOWTREE MEDIA LTD. ("WILLOWTREE") is a corporation existing under the laws of the United Kingdom with a

4

headquarters located at 29 Gildredge Road, Eastbourne, East Sussex, United Kingdom, BN21 4RU.

26. Upon information and belief, defendant RUBY PHILOMENA BONES a/k/a RUBY GRANGER ("BONES") is an individual residing in the United Kingdom, and can be served through her business WILLOWTREE at 29 Gildredge Road, Eastbourne, East Sussex, United Kingdom, BN21 4RU.

## FACTS

27. Plaintiff is the sole beneficial owner by assignment of an original musical composition and recording titled: (i) *Signaling Through The Flames* – U.S. Copyright Registration No. SR 713-289*;* (ii) *Starscapes* – U.S. Copyright Registration No. SR 713-289; and *Twelve Days Awake* – U.S. Copyright Registration No. SR 713-289. See **Exhibit 1.**

28. The two (and only) members of plaintiff are the sole authors of the Copyrighted Tracks.

29. Defendant WILLOWTREE is a video production company owned and operated by defendant BONES.

30. Defendant BONES is YouTube personality and content creator. Defendant Ruby Philomena Bones adopted the pseudonym Ruby Granger based on the Harry Potter character Hermione Granger.

31. Defendants, without license or authority, reproduced and synchronized the Copyrighted Tracks to the Infringing Videos as follows:

| **Title of Infringing Video** | **Defendant** | **Unlicensed Copyrighted Track** |
|---|---|---|
| The B-B-Bullies (Short Film) | Both Defendants | *Signaling Through The Flames* |
| Inspirational Woman – People who have inspired me | Defendant BONES only | *Starscapes* |
| M-M-Martin's Bullies | Defendant BONES only | *Twelve Days Awake* |

5

32. The use of mocked stuttering in the titles of two of the Infringing Videos is objectively controversial and damages the Copyrighted Tracks by the forced association.

33. Plaintiff also has a strict policy of not licensing its copyrighted recordings and compositions for any political or purported social justice campaign.

34. Had defendants sought a license for the Copyrighted Tracks, they would not have received one.

35. Without a license or authority, defendants accessed and reproduced the Copyrighted Tracks. Defendants then synchronized the unlicensed Copyrighted Tracks to the three Infringing Videos.

36. Defendants distributed the Infringing Videos to Instagram and YouTube where they were, and are, publicly displayed on defendant BONES' Instagram and YouTube Page at:

> i. https://www.youtube.com/watch?v=CIfSqXknWW8,
> ii. https://www.youtube.com/watch?v=iRapg5Hjca4, and
> iii. https://www.youtube.com/watch?v=SySljkduGC0.

37. The Copyrighted Tracks play in their entirety in each of the Infringing Videos.

38. At no time did the defendants have the right to use the Copyrighted Track in any manner.

39. Defendants stated beneath Infringing Video One "Music: Signaling through the flames (This is not my property and I do claim it as my own)".

40. A true and accurate copy of the screen-shot from defendant's Infringing Video One is below:



41. Until in or around April 2020, plaintiff conducted dozens searches of YouTube each year, the Infringing Videos did not appear in any of the searches.

42. Plaintiff hired a third-party search firm to assist in its search for individuals and entities that exploit plaintiff's copyrighted recordings and compositions without a license.

43. On or about May 18, 2021, plaintiff received notice from the third-party search firm of the existence of the Infringing Videos.

44. Plaintiff notified defendants of the infringement, by email, on the same day it discovered the infringements. See **Exhibit 2**.

45. Defendant BONES' agent contacted plaintiff by email on May 20, 2021 stating:

> Thanks for your email! I'm Ruby's manager so best placed to handle this.
>
> For a copyright infringement, the owner would have to submit this report directly through Instagram or YouTube. Which piece of content are you referring to? It may fall under "fair use " which is less clearly defined for short-form content and includes educational and variations on original content.
>
> If you submit through YouTube, the monetisation of the video would be redirected to the owner of the music, whereas on Instagram it would result in the content being removed.

See **Exhibit 3**.

46. Defendant BONES' agent failed to address the infringing conduct of defendant, and defendants did not remove the videos from YouTube or Instagram.

47. On or about August 9, 2021, plaintiff's counsel served a cease-and-desist on defendant BONES' agent demanding defendant remove the Infringing Videos. See **Exhibit 4**.

48. At no time did the defendants produce a valid license, nor did they cease-and-desist.

49. Defendants elected to continue to infringe rather than comply with plaintiff's demand to cease-and-desist.

50. On August 11, 2021, defendant BONES' agent responded to plaintiff's counsel, but defendant did not remove the infringing content from YouTube or Instagram. See **Exhibit 5**.

51. Defendants were emailed a copy of the Complaint in this action on two separate occasions. See **Exhibit 6**.

52. Despite numerous emails between plaintiff's counsel and defendant BONES' agent as well as defendant BONES's counsel, defendants did not remove the Infringing Videos.

53. As of the date of this Complaint, the Infringing Videos are still active on YouTube's servers.

54. Defendants' failure to comply with the numerous notices from plaintiff, and plaintiff's counsel evidences defendant's intent to infringe.

55. Defendants knew they were infringing plaintiff's exclusive rights when they copied and synchronized the Copyrighted Tracks to the Infringing Videos without a license. Defendants knew they were infringing plaintiff's exclusive rights when she uploaded the Infringing Videos to YouTube and Instagram.

56. Defendants infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and her knowledge of the infringements and failure to comply with multiple notices satisfies the standard for enhanced damages set forth in Section 504(c) of the Act.

57. Defendants' acts demonstrate a callous disregard the defendant has to their legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendants from routinely violating the Copyright Act.

## COPYRIGHT INFRINGEMENT DAMAGES

**Actual Damage Calculation**

58. Plaintiff is entitled to its standard licensing fee for each of the Copyrighted Track of $5,000 per year (Internet only) for the three years prior to this Complaint for a total of $45,000 for the three Copyrighted Tracks.

59. Plaintiff's actual damages also include defendants' direct, and indirect, profit from their exploitation of the Copyrighted Tracks, in excess of plaintiff's actual damages, plus the reasonable attorneys' fees and costs incurred in this matter.

60. Plaintiff's actual damages also include the damages to the Copyrighted Tracks and plaintiff's diminished ability to license each Copyrighted Track in an amount to be determined at trial.

**Statutory Damage Calculation**

61. In the event plaintiff elects one enhanced statutory damage award, an award at the higher part of the range is demanded by the facts and circumstances in this matter.

62. Plaintiff's lost license revenue of $15,000 per Copyrighted Track should be multiplied by three for each of the three statutory damage awards.

63. Defendants' state of mind supports a much higher statutory damage award. There is a complete absence of any facts to support the position that defendants had a good faith belief to copy, distribute, and publicly display the Copyrighted Track. In fact, defendants admitted at the time of the first infringement that they were aware of their infringing conduct.

64. Defendants' failure to cease the unlicensed public display of the Copyrighted Tracks after each demand directly informs the analysis concerning defendants' state of mind.

65. Defendants were, and are, well-aware of their obligation to obtain a license prior to commercially exploiting third-party content. Defendant BONES a sophisticated Internet entrepreneur and defendant WILLOWTREE is a video production company.

66. The forgoing supports the fact that defendant's state of mind was willful at all times relevant to this Complaint.

67. An additional substantial amount, subject to proof, should be included in the statutory damage award calculation as a deterrent effect necessary to discourage defendants from engaging in the acts described herein in the future.

68. Defendants clearly has no desire to cooperate in any manner with plaintiff's requests to participate in a resolution.

69. The forgoing demonstrates defendants' attitude and lack of willingness to participate in a resolution.

70. The enhanced statutory damage award, in light of the forgoing, should be at least $125,000 per statutory damage award, plus reasonable attorneys' fees and costs incurred in this matter.

## DEFENDANT'S DMCA VIOLATIONS

71. Defendant demonstrated when they posted the first Infringing Video that they were aware of the names of the Copyrighted Tracks used. Yet defendant failed to include any copyright management information for the three Infringing Videos, with the exception of the title in the first Infringing Video.

72. Defendants removed plaintiff's copyright management information ("CMI") including the name of each Copyright Track (except the first video), the author of each Copyrighted Track, the owner of any right in each of the Copyrighted Track, or information about the terms and conditions of use of each Copyrighted Track

73. Defendant BONES did, however, include a laundry list or personal identification data as shown below:

```
Please keep in mind that this isn't supposed to be disrespectful to anybody getting bullied or
anybody with a stutter.

Tell me if you would like to see more bullying short films.
LET'S BEAT BULLYING!

If you scroll down, you will be able to find:
1. My Book and Study Planner
2. FAQs
3. Contact Details
4. My Current Favourites (and links!)

-----------------------------------------

My Book - Erimertha Parker's To Do List (goo.gl/Bh1BJL)
My Study Planner - goo.gl/ceNSHt
My Website - www.pumpkinproductivity.co.uk

-----------------------------------------

FAQs:
How old are you?
17

Which subjects are you studying?
English Literature, Religious Studies and Chemistry

Why do you study so much?
Because I enjoy it :)

When do you upload?
Saturdays and Wednesdays

-----------------------------------------

CONTACT ME:
Email - rubygrangercontact@gmail.com
Instagram - @_rubygranger
Ask.fm - @rubygranger
Facebook - https://www.facebook.com/grangerfifes...
Tumblr - https://mygrangerlifestyle.tumblr.com/
Goodreads - https://www.goodreads.com/user/show/2...

-----------------------------------------

My Current Favourites:
Book - Cat's Eye (https://bit.ly/2xGxE7v)
Item of Clothing - http://bit.ly/2xHVzDy
```

11

74. Defendants' YouTube videos, including the Infringing Videos, generate significant revenue for the defendants. Defendants paid careful attention to include a significant amount of personal and contact information, yet ignored the CMI for the Copyrighted Tracks.

75. Defendants' removal and/or failure to include any copyright management information after notice are violations of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

76. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

77. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Tracks.

78. Defendants, without a license or authority, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Tracks.

79. Defendants created and displayed the Infringing Videos for the sole purpose of commercial gain.

80. Defendants refused to cease-and-desist after multiple demands from plaintiff directly, and through plaintiff's counsel.

81. Defendants' use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

82. Defendants' use was not transformative.

83. Defendants elected to reproduce, synchronize, publicly display and distribute plaintiff's Copyrighted Tracks, in their entirety, in each of the Infringing Videos, without a license.

84. As a direct and proximate result of defendants' acts of infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct, and indirect, profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus the costs, interest, and reasonable attorneys' fees incurred in this matter. Plaintiff may also elect to recover one statutory damage award per U.S. Copyright Registration pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

85. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

86. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Tracks here, with copyright management information including the title, author, label, and copyright owner.

87. Defendants could not have obtained a copy of the master recording for the Copyrighted Track without this information.

88. Defendants' Infringing Videos are synchronized to a very high-resolution copy of each of the Copyrighted Tracks. This high-resolution version cannot be obtained without copyright management information being included.

89. Defendants failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

90. Defendants continued to publicly display the Infringing Videos with no CMI after multiple notices from plaintiff and plaintiff's counsel.

91. Defendants violated the DMCA each time she wrongfully distributed or publicly displayed each Infringing Video.

92. Defendants did the forgoing with the intent to conceal the infringements.

93. Plaintiff seeks an award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000, plus the reasonable attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;
2. compensatory damages to plaintiff in an amount to be ascertained at trial;
3. four statutory damage awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;
5. plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);
6. pre- and post-judgment interest to the extent allowable; and,
7. such other and further relief that the Court may deem just and proper. Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 9, 2021  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)